Rockingham,
  June, 1900.

### BROOKS & a. v. GOODWIN.

A bill in equity setting forth an agreement between heirs-at-law to join in the contest of a will, share the expenses incident thereto, and divide the proceeds thereof, and alleging the receipt by the defendant of an unknown amount through compromise, states facts sufficient to entitle the plaintiff to a discovery and an accounting.

BILL IN EQUITY, for discovery and accounting.    The defendant's demurrer to the bill was overruled, subject to exception.

*Samuel W. Emery* and *Simon P. Emery*, for the plaintiffs.

*Burnham, Brown & Warren*, for the defendant.

WALLACE, J.    The allegations of the bill show that the plaintiffs and defendant, as heirs, each had an interest in the estate of Benjamin Kennard, unless that interest was taken away by an alleged will which they claimed was invalid, both on account of undue influence and by reason of the insanity of the testator; that they agreed to join in contesting the validity of the will, sharing the labor and expenses necessarily incident thereto, and, in case of a compromise, each to share equally the amount so received. It also appears from the bill that in pursuance of this agreement a contest was inaugurated and carried on against the will by the parties; that the defendant, by compromising this suit, received a considerable sum of money, which she refuses to share with the plaintiffs; and that the amount which she has received and the amount which she has expended in the legal proceedings are not known to the plaintiffs.

The parties could properly make the alleged agreement to protect their interests as heirs in the estate of Benjamin Kennard. Under the agreement, the plaintiffs are each entitled to one quarter part of the amount received by the defendant.    They are also entitled to the aid of equity in discovering the amount received by the defendant, and in adjusting and settling the amounts properly paid by each of the parties in prosecuting the lawsuit.    The bill can be maintained.    Equity will take jurisdiction to adjust the mutual accounts arising out of the contract of the parties, and to grant the discovery required in aid of the account.    *Walker* v. *Cheever*, 35 N. H. 339, 347; *Berry* v. *Whidden*, 62 N. H. 473, 476.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.